**JUDGE DANIELS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXCELLED SHEEPSKIN & LEATHER COAT CORP., <br><br> Plaintiff, <br><br> v. <br><br><br> OREGON BREWING COMPANY <br><br><br><br> Defendant. | Civil Action No. 12 – CV – 1416 <br><br> COMPLAINT FOR INFRINGEMENT, UNFAIR COMPETITION, AND DECEPTIVE TRADE PRACTICES AND DECLARATORY JUDGMENT <br><br> JURY TRIAL DEMANDED |



Plaintiff Excelled Sheepskin & Leather Coat Corp., by its undersigned counsel, brings this Complaint for Declaratory Judgment against Defendant Oregon Brewing Company and respectfully alleges as follows:

**NATURE OF THE CASE**

1. This is an action for trademark infringement, trademark counterfeiting, and unfair competition arising under the trademark laws of the United States (Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*), the statutory law of the State of New York, and the common law.

## THE PARTIES

2. Plaintiff Excelled Sheepskin & Leather Coat Corp. ("Excelled") is a corporation organized and existing under the laws of New Jersey, with its principal place of business within this judicial district at 1400 Broadway, New York, New York 10018.

3. Upon information and belief, Defendant Oregon Brewing Company ("OBC") is a corporation organized and existing under the laws of the State of Oregon, with a business address at 2320 OSU Drive, Newport, Oregon 97365.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Section 39 of the Trademark Act of 1946, 15 U.S.C. § 1121. The Court also has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367, and the doctrine of supplemental jurisdiction. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

5. This Court has personal jurisdiction over Defendant because Defendant regularly solicits, transacts, and does business within the state of New York and within this district and the claims in this action arise out of such business in this district.

6. Upon information and belief, Defendant has caused and is causing tortious injury within this judicial district.

7. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions occurred or a substantial part of the property that is subject to this action is situated in this judicial district.

## FACTUAL BACKGROUND

### Plaintiff Excelled Sheepskin & Leather Coat Corp.

8. Plaintiff is engaged in the sale of clothing and footwear under a family of marks containing the word ROGUE (the "ROGUE Marks").

9. Plaintiff uses its renowned ROGUE Marks on various types of clothing and accessories, including but not limited to pants, jackets, shirts, footwear, and hats.

10. Plaintiff owns various trademark registrations issued by the United States Patent and Trademark Office ("PTO") for clothing marks that contain the word ROGUE including (i) Reg. No. 3,346,559, ROGUE for "men's, ladies' and children's clothing, namely, coats, jackets, vests, shirts and pants" ( issued: December 4, 2007), (ii) Reg. No. 3,260,143 ROGUE for "footwear" (issued: July 10, 2007); (iii) Reg. No. 2,790,074 ROGUE LEATHER BY REILLY OLMES for "Men's, women's and children's clothing made in whole or in substantial part of leather, namely, coats, vests, shirts and pants" (issued: December 9, 2003), (iv) Reg. No. 3,945,523 ROGUE STATE for "men's, ladies' and children's clothing, namely, coats, jackets, vests, shirts and pants" (issued: April 12, 2011).

11. Since long prior to the acts complained of herein, Plaintiff has sold clothing and accessories bearing the ROGUE Marks through department stores and other traditional retail clothing channels, as well as through related Internet websites.

12. The ROGUE Marks have been, and continue to be, widely publicized through substantial advertising in the United States directed at retail clothing customers. Numerous articles showing celebrities wearing Plaintiff's ROGUE marks have appeared in widely circulated magazines, including GQ, Maxim, Men's Journal, and Men's Fitness.

13. As a result of its substantial advertising and promotional efforts, Plaintiff has made extensive sales of its ROGUE clothing products, and the ROGUE Marks have become well known and famous among members of the public as distinctive indicators of Plaintiff's goods.

**Defendant Oregon Brewing Company**

14. Upon information and belief, Defendant operates brew pubs and is engaged in the production and sale of alcoholic beverages, namely beer and ale.

15. Upon information and belief, Defendant has sold a few promotional products, including clothing items bearing the name ROGUE, through its brewpubs and its website.

16. Upon information and belief, until recently, Defendant had never sold clothing products under the ROGUE mark except through its own brewpubs and on its own website.

17. Now, however, Defendant has begun selling and attempting to sell in commerce clothing bearing counterfeit imitations of Plaintiff's federally registered ROGUE Marks through department stores and ordinary retail clothing trade channels with a deliberate intent to confuse, mislead, and deceive consumers, and with a malicious intent to trade on the goodwill that Plaintiff has established in its ROGUE Marks in such retail channels.

18. For example, upon information and belief, Defendant is offering or has offered its counterfeit ROGUE clothing (a) at one or more Nordstrom's department stores; and (b) through websites that are not affiliated with its beer and brew pub business, such as www.crazyshirts.com and www.palmercash.com.

19. In addition, Defendant is offering or has offered counterfeit ROGUE footwear on its own website (at www.rogue.com/store/categories/Brewshoes/) and other websites.

20. Defendant procured U.S. Registration No. 3,365,653 for the mark ROGUE for "clothing, namely, t-shirts, sweatshirts, polo shirts, turtlenecks, aprons, hats, and not including jackets, coats and skirts, **sold primarily in the trademark owner's brewpubs and web site, as compliments to and in promotion of the trademark owner's brewing and beverage businesses**" (emphasis added) (issued: January 8, 2008).

21. When Defendant initially applied to register the mark ROGUE for clothing, it did not disclose to the PTO the fact that its use of that mark had been limited to the sale of products at its brewpubs and website that were designed to promote its brewing and beverage business.

22. Upon finding that Defendant was attempting to register the mark ROGUE for clothing that could be sold in the same trade channels in which Plaintiff already sold clothing under Plaintiff's ROGUE marks, the PTO refused registration. The basis of the PTO's refusal was that the use of Defendant's mark in such trade channels would create confusion because it was identical to Plaintiff's ROGUE Mark.

23. Defendant attempted to overcome the PTO's refusal by deleting a few clothing items from the list of goods in the application, but Defendant again failed to disclose the fact that it had used the mark ROGUE only on a few promotional products.

24. Thereafter, the PTO again rejected Defendant's application, holding in accordance with long established policy that the "exclusion of specific articles of clothing is not enough to overcome a likelihood of confusion with an identical mark for other items of clothing."

25. At the time its application was rejected, Defendant was not using the mark ROGUE on clothing sold in ordinary retail channels, and Defendant knew of Plaintiff's prior registration and use of the mark ROGUE on clothing sold in such channels.

26. After its application had been rejected a second time, Defendant finally admitted to the PTO that it was using the mark ROGUE only on clothing items sold through its brew pubs and its own website, and only to compliment and promote its primary business – namely, the manufacture and sale of beer and ale.

27. Defendant thus amended its application to include an express limitation on the trade channels through which its clothing products could be sold and confirmed that it was selling such products only to compliment and promote its primary, beer and brew business.

28. Upon receiving Defendant's amendment, in which Defendant admitted that its rights in ROGUE were limited to clothing "sold primarily in the trademark owner's brewpubs and web site, as compliments to and in promotion of the trademark owner's brewing and beverage businesses," the PTO relied on that admission and approved Defendant's application for registration. The registration that the PTO issued to Defendant contains precisely that limitation on the trade channels in which Defendant may use the mark ROGUE for clothing.

29. Plaintiff's application for registration of ROGUE for men's, ladies and children's clothing, namely, coats, jackets, vests, shirts and pants (which had been cited by the PTO as a bar to registration of ROGUE by Defendant) matured to Reg. No. 3,346,559 on December 4, 2007.

30. Defendant never objected to Plaintiff's Reg. No. 3,346,559 for the mark ROGUE for clothing, and that registration constitutes *prima facie* evidence of Plaintiff's exclusive right to use the mark on the products listed in the application.

31. Notwithstanding Plaintiff's exclusive rights, Defendant is deliberately selling or attempting to sell clothing under the mark ROGUE in retail department stores and through websites other than its own, and is selling footwear under the mark ROGUE, with an intent to trade on the goodwill and reputation that Plaintiff has established in those trade channels under its mark ROGUE.

## COUNT I

## TRADEMARK COUNTERFEITING UNDER THE
## STATUTORY LAWS OF THE UNITED STATES
## (15 U.S.C. § 1114(1)(b)

32. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of counterfeiting in violation of 15 U.S.C. §1114(1)(b). Paragraphs 1 through 31 of this complaint are incorporated by reference as a part of this count.

33. Upon information and belief, Defendant has made unauthorized use of the mark ROGUE (the Counterfeit Mark) as a counterfeit imitation of Plaintiff's ROGUE Marks in connection with the sale of clothing in interstate commerce and in Plaintiff's retail trade channels.

34. The mark used by Defendant is a counterfeit within the meaning of 15 U.S.C. § 1127 in that it is a spurious mark that is substantially indistinguishable from Plaintiff's mark shown in Registration Nos. 3,346,559 and 3,260,143.

35. Upon information and belief, Defendant has intentionally used the Counterfeit Mark or permitted others to use it, with actual knowledge that it is a counterfeit, in the advertising, selling and offering to sell goods in interstate commerce in Plaintiff's exclusive trade channels.

36. Defendant has used and is using its alleged mark in connection with the advertising and sale of goods in this district and in interstate commerce in such a manner as to create a likelihood of confusion, mistake, or deception among actual and prospective consumers and said acts have damaged, impaired, and diluted that part of the good will symbolized by Plaintiff's ROGUE Marks, to Plaintiff's immediate and irreparable damage.

37. Defendant's unauthorized use of a counterfeit imitation of Plaintiff's mark constitutes counterfeiting within the meaning of 15 U.S.C. § 1114(1)(b).

38. Defendant had actual knowledge of Plaintiff's exclusive rights in its ROGUE Marks mark when it engaged in the conduct complained of herein. Thus, Defendant has willfully and deliberately engaged in the aforesaid acts of counterfeiting with an intent to injure Plaintiff and to deceive the public.

39. Defendant's acts of counterfeiting have caused Plaintiff irreparable injury and loss of reputation. Unless enjoined by this court, Defendant will continue to use counterfeit imitations of Plaintiff's ROGUE Marks, to Plaintiff's immediate and irreparable damage.

## COUNT II

## TRADEMARK INFRINGEMENT
## UNDER THE STATUTORY LAWS OF THE UNITED STATES
## (15 U.S. C. § 1114(1)(a))

40. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark infringement, in violation of 15 U.S.C. §1114(1)(a). Paragraphs 1 through 39 of this complaint are incorporated by reference as a part of this count.

41. Defendant has used and is using the Counterfeit Mark in connection with the advertising and sale of goods in commerce in Plaintiff's trade channels in such a manner as to create a likelihood of confusion with Plaintiff's ROGUE Marks among prospective purchasers.

42. Defendant's use of the Counterfeit Mark induces purchasers and others to believe, contrary to fact, that the goods sold by Defendant are rendered, sponsored, or otherwise approved by, or connected with Plaintiff. Defendant's acts have damaged, impaired and diluted

that part of Plaintiff's goodwill symbolized by Plaintiff's well known ROGUE Marks to Plaintiff's immediate and irreparable damage.

43. Defendant's use of a mark identical to Plaintiff's registered ROGUE mark in the manner alleged constitutes trademark infringement within the meaning of 15 U.S.C. §1114(1).

44. Defendant had actual knowledge of Plaintiff's exclusive rights in its ROGUE Marks when it began using the Counterfeit Mark. Thus, Defendant has willfully and deliberately engaged in the aforesaid acts with an intent to injure Plaintiff and to deceive the public.

45. Defendant's deliberate acts of trademark infringement have caused Plaintiff irreparable injury and loss of reputation. Unless enjoined by this court, Defendant will continue these acts of trademark infringement to Plaintiff's immediate and irreparable damage.

## COUNT III

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE STATUTES OF THE UNITED STATES
### (15 U.S.C. § 1125(a))

46. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in the use a false designation of origin and in acts of unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a). Paragraphs 1 through 45 of this complaint are incorporated by reference as a part of this count.

47. Defendant has used and is using a mark identical to Plaintiff's ROGUE Marks in connection with the advertising, distribution and sale of goods in interstate commerce in such a manner as to create a likelihood of confusion among prospective purchasers and to unfairly compete with Plaintiff.

48. Defendant's use of a mark identical or confusingly similar to Plaintiff's ROGUE Marks induces purchasers and others to believe, contrary to fact, that the goods and goods sold by Defendant are rendered, sponsored or otherwise approved by, or connected with Plaintiff.

49. Defendant's acts have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by its name and mark to Plaintiff's immediate and irreparable damage.

50. Defendant's unauthorized use of a mark identical mark to Plaintiff's ROGUE Marks in connection with the advertising and sale of Defendant's goods, constitutes use of a false designation of origin and a false description within the meaning of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a).

51. Defendant's unauthorized use of a mark identical to Plaintiff's ROGUE Marks constitutes unfair competition entitling Plaintiff to remedies pursuant to Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a).

52. Defendant's acts of unfair competition, false designation of origin and false description have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Defendant will continue the acts of unfair competition complained of herein to Plaintiff's immediate and irreparable damage.

## COUNT IV

### UNFAIR TRADE PRACTICES UNDER THE STATUTORY LAWS OF NEW YORK

53. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in deceptive and unfair trade practices within the meaning of N.Y. Gen. Bus. Law §349. Paragraphs 1 through 52 of this complaint are incorporated by reference as a part of this count.

54. Defendant is using the Counterfeit Mark in connection with the advertising and sale of clothing in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods and services of Defendant are rendered, sponsored, or otherwise approved by, or connected with Plaintiff.

55. Defendant's acts have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by the ROGUE Marks, to Plaintiff's immediate and irreparable damage.

56. Defendant's use of the Counterfeit Mark in the manner alleged constitutes deceptive trade practices of a type proscribed by N.Y. Gen. Bus. Law §349.

57. Defendant had actual knowledge of Plaintiff's rights in its ROGUE Marks at the time it decided to use the name and mark complained of herein. Thus, Defendant has willfully and deliberately engaged in deceptive trade practices and it has infringed Plaintiff's rights in its ROGUE Marks.

58. Defendant's deceptive and unfair trade practices have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Defendant will continue these deliberate acts of infringement and deceit to mislead consumers and to Plaintiff's immediate and irreparable damage.

## COUNT V

## TRADEMARK INFRINGEMENT UNDER THE COMMON LAW

59. As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark infringement in violation of the common law. Paragraphs 1 through 58 of this complaint are incorporated by reference as a part of this count.

60. Defendant has and is using the Counterfeit Mark in connection with the advertising and sale of goods in such a manner as to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods and goods of Defendant are rendered, sponsored, or otherwise approved by, or connected with Plaintiff, which acts have damaged, impaired and diluted that part of the goodwill symbolized by Plaintiff's ROGUE Marks to Plaintiff's immediate and irreparable damage.

61. The nature, probable tendency and effect of Defendant's use of a mark identical to Plaintiff's ROGUE Marks in the manner alleged is to enable Defendant to deceive the public by passing off its goods as being rendered, sponsored, or otherwise approved by or connected with Plaintiff.

62. Defendant's unauthorized use of the Counterfeit Mark in connection with the advertising and sale of its goods is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods and constitutes infringement of Plaintiff's ROGUE Marks under the common law.

63. Defendant's acts of infringement have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this court, Defendant will continue these acts of infringement thereby deceiving the public and causing Plaintiff immediate and irreparable damage.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)     Pursuant to 15 U.S.C. § 1116, and the law of the State of New York, that Defendants and each of their agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

(a)     Using or authorizing others to use the name and mark ROGUE or any other name, mark or domain name containing these terms, or any confusingly similar names or marks, in the advertising or sale of any goods or services in trade channels other than Defendant's own brew pubs and website as compliments to and in promotion of Defendant's own brewing and beverage business;

(b)     Using or authorizing others to use in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof which would imitate, resemble or suggest Plaintiff's well known trademarks;

(c)     Otherwise infringing Plaintiff's trademarks and trade name;

(d)     Unfairly competing with Plaintiff, diluting the distinctiveness of Plaintiff's well-known trademark, and otherwise injuring Plaintiff's business reputation in any manner;

(e)     Publishing any telephone listings, using any domain names, web pages or Internet advertisements, or keywords using the name or mark ROGUE or any other name or mark confusingly similar to Plaintiff's name or mark.

(f)     Registering or applying to register any trademark, trade name or domain name containing the word or any confusingly similar name or mark for trade channels other than Defendant's own brew pubs and website as compliments to and in promotion of Defendant's

own brewing and beverage business;

   (g) Imposing a constructive trust on all sales of any goods or services that infringe on Plaintiff's trademark and trade name.

(2) Pursuant to 15 U.S.C. § 1118 and the law of the State of New York, that Defendants be directed to deliver up for destruction all products, advertisements, labels, signs, prints, packages, wrappers, and all other materials in its possession or under its control that resemble or bear the name or mark ROGUE that have been or could be used in trade channels other than Defendant's own brew pubs and website as compliments to and in promotion of Defendant's own brewing and beverage business..

(3) Pursuant to 15 U.S.C. § 1117 and the law of the State of New York, that Defendants account and pay to Plaintiff damages in an amount sufficient to fairly compensate Plaintiff for the injury it has sustained plus all profits which are attributable to the infringing sale of goods or services under the names and marks complained of herein, and further that the amount of the monetary amount granted herein be trebled in view of the willful and deliberate nature of Defendants' unlawful conduct.

(4) Pursuant to 15 U.S.C. § 1117(c) and (d), Defendant be required to pay statutory damages in an amount to be determined as compensation for Defendant's deliberate acts of counterfeiting.

(5) Pursuant to 15 U.S.C. § 1117, and the law of the State of New York, that this case be declared exceptional because of Defendants egregious conduct and that Defendant be ordered

to pay to Plaintiff the costs of this action and Plaintiff's attorneys' fees.

(6)   Such other, further, additional relief as the Court deems equitable and proper.

Dated: New York, New York
February 24, 2012

ARENT FOX LLP

By _____
Bernice K. Leber, Esq. (BL-1285)
1675 Broadway
New York, New York 10019
(212) 484-3928

and

**OF COUNSEL:**
Michael A. Grow
Alec P. Rosenberg
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 857-6389

*Attorneys for Plaintiff*
*Excelled Sheepskin & Leather Coat Corp*

15