UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXCELLED SHEEPSKIN & LEATHER
COAT CORP.,

Plaintiff,

Civil Action No. 12-cv-1416

v.

OREGON BREWING COMPANY,

Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Oregon Brewing Company ("Defendant") states the following Answer and Affirmative Defenses in response to the Complaint of Plaintiff Excelled Sheepskin & Leather Coat Corp. ("Plaintiff").

## ANSWER

1.      Defendant admits that Plaintiff purports to allege claims for trademark infringement, trademark counterfeiting, and unfair competition arising under the laws of the United States (Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*), the statutory law of the State of New York, and the common law, but denies that those claims are valid or state a claim upon which relief can be granted.

2.      Defendant admits the allegations in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

4.      Defendant denies that the Court has subject matter jurisdiction over the claims alleged herein, because they arise out of and relate to a 2007 Settlement Agreement between the parties, which provides that any such claims must be brought in Oregon.  Ex. A.  Defendant admits that the parties are of diverse citizenship.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 of the Complaint and thus denies them.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.  The Court lacks personal jurisdiction over Defendant for the claims asserted in the Complaint because, among other things, the claims arise out of and relate to a 2007 Settlement Agreement between the parties, which provides that any such claims must be brought in Oregon.  Ex. A.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.  Venue is improper in this judicial district because the claims asserted in the Complaint arise out of and relate to a 2007 Settlement Agreement between the parties, which provides that any such claims must be brought in Oregon.  Ex. A.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits that Plaintiff is the record owner of Trademark Registration Nos. 3,346,559; 3,260,143; 2,790,074 and 3,945,523.  Defendants denies remaining allegations in Paragraph 10 of the Complaint.

- 2 -

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and thus denies them.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant admits that it sells promotional products and items of clothing bearing the mark ROGUE in its brewpubs and its web site.  Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies that, at the time it initially applied to register the mark ROGUE for clothing, its use of the mark was limited to the sale of products in its brewpubs and web site. Defendant also denies the remaining allegations in Paragraph 21 of the Complaint, except Defendant admits that at the time it initially applied to register the mark ROGUE for clothing, it did not include a restriction in the channels of trade in which the goods were sold in the identification of goods in its trademark application.

- 3 -

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that it owns a federal trademark registration for the mark ROGUE for "clothing, namely, t-shirts, sweatshirts, polo shirts, turtlenecks, aprons, hats, and not including jackets, coats and skirts, sold primarily in the trademark owner's brewpubs and web site, as compliments to and in promotion of the trademark owner's brewing and beverage businesses." Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant admits that Plaintiff is the record owner of Trademark Registration No. 3,346,559 for ROGUE. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

## COUNT I

32.     Defendant admits that Plaintiff purports to allege as a separate cause of action and ground for relief that Defendant has and is engaged in acts of counterfeiting in violation of 15

- 4 -

U.S.C. § 1114(1)(b), but denies that that cause of action or ground for relief are valid or state a claim upon which relief may be granted.  Defendant incorporates its responses to Paragraphs 1-31 of the Complaint as if set forth herein.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

## COUNT II

40.     Defendant admits that Plaintiff purports to allege as a separate cause of action and ground for relief that Defendant has and is engaged in acts of trademark infringement, in violation of 15 U.S.C. § 1114(1)(a), but denies that that cause of action and ground for relief are valid or state a claim upon which relief may be granted.  Defendant incorporates its responses to Paragraphs 1-39 of the Complaint as if set forth herein.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

DM_US 32838743-1.070166. 0010 -

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

## COUNT III

46.     Defendant admits that Plaintiff purports to allege as a separate cause of action and ground for relief that Defendant has and is engaged in the use of a false designation of origin and in acts of unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), but denies that that cause of action and ground for relief are valid or state a claim upon which relief may be granted.  Defendant incorporates its responses to Paragraphs 1-45 of the Complaint as if set forth herein.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

## COUNT IV

53.     Defendant admits that Plaintiff purports to allege as a separate cause of action and ground for relief that Defendant has and is engaged in deceptive and unfair trade practices within the meaning of N.Y. Gen. Bus. Law § 349, but denies that that cause of action and ground for relief are valid or state a claim upon which relief may be granted.  Defendant incorporates its responses to Paragraphs 1-52 of the Complaint as if set forth herein.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

## COUNT V

59.     Defendant admits that Plaintiff purports to allege as a separate cause of action and ground for relief that Defendant has and is engaged in acts of trademark infringement in violation of the common law, but denies that that cause of action and ground for relief are valid or state a claim upon which relief may be granted.  Defendant incorporates its responses to Paragraphs 1-58 of the Complaint as if set forth herein.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint and the claims for relief stated therein:

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

1.     The Court lacks personal jurisdiction over Defendant relating to the claims alleged in Plaintiff's Complaint because, among other things, the claims arise out of and relate to the 2007 Settlement Agreement between the parties, which is attached as Exhibit A, and which requires that the claims be asserted in an Oregon court.

## SECOND AFFIRMATIVE DEFENSE

### (Improper Venue)

2.     Venue is improper for the claims alleged against in Plaintiff's Complaint, because among other things, the claims arise out of and relate to the 2007 Settlement Agreement between the parties, which is attached as Exhibit A, and which requires that the claims be asserted in an Oregon court..

## THIRD AFFIRMATIVE DEFENSE

### (Compulsory Counterclaims)

3.      Plaintiff's Complaint, and the claims alleged therein, are barred because they were compulsory counterclaims in a prior, pending action in Oregon.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

4.      Plaintiff's Complaint, and the claims for relief alleged therein, fail to allege facts sufficient to state a claim upon which relief may be granted, including because the claims alleged in Plaintiff's Complaint arise out of and relate to a 2007 Settlement Agreement between the parties, which requires that the claims be brought in Oregon, and because the claims alleged in Plaintiff's Complaint are barred by the 2007 Settlement Agreement between the parties.  Ex. A.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5.      Plaintiff's Complaint, and the claims for relief alleged therein, are barred because Plaintiff lacks standing.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes Of Limitation)

6.      Plaintiff's Complaint, and the claims for relief alleged therein, are barred by the applicable statutes of limitations.

DM_US 32838743-1.070166. 0010 -

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     Plaintiff's Complaint, and the claims alleged therein, are barred because it has waived whatever right it may have had to assert the claims.  Plaintiff failed to take proper steps to assert those claims in a timely manner, knowingly relinquished such claims and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert such claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.     Plaintiff's Complaint, and the claims alleged therein, are barred by estoppel, including licensee estoppel.  Plaintiff failed to take proper steps to assert in a timely fashion the claims alleged in the Complaint and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert any of the claims, all to the detriment of Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification, Consent and Acquiescence)

9.     Plaintiff's Complaint, and the claims alleged therein, are bared because Plaintiff (and/or its agents) ratified, agreed to, consented to, and/or acquiesced in, the acts upon which its Complaint is based.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     Plaintiff's Complaint, and the claims alleged therein, are barred because of

Plaintiff's unclean hands and/or the doctrine of *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     Plaintiff's Complaint, and the claims alleged therein, are barred by laches as

Plaintiff unreasonably delayed in bringing this action and thus prejudiced the rights of

Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.     If Plaintiff is entitled to any relief from Defendant as a result of the allegations in

its Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages

or other relief alleged, or any damages or other relief, due to its failure to take reasonable efforts

to mitigate or minimize the damages incurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

13.     Any damage or loss sustained by Plaintiff was proximately caused and/or

contributed to by Plaintiff's conduct, thereby precluding Plaintiff's Complaint and the claims

- 11 -

alleged therein, reducing Plaintiff's recoverable damages, and/or entitling Defendant to a proportional set-off.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Offset)

14.     Plaintiff is not entitled to recover all or any part of the damages or other relief prayed for in the Complaint because Defendant has for claims for damages against Plaintiff and are legally entitled to an offset of such amounts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*, Remote, Speculative or Transient Damages)

15.     Any losses or damages allegedly caused by Defendant and sustained by Plaintiff, which Defendant deny, are *de minimis*, remote, speculative, or transient and not cognizable at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Contract)

16.     Plaintiff's Complaint, and the claims alleged therein, are barred by various contracts between the parties, including without limitation, the 2007 Settlement Agreement.

DM_US 32838743-1.070166. 0010

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

17.     Defendant presently has insufficient knowledge and information as to whether it may have additional defenses available.  Defendant reserves its right to assert additional defenses.

### PRAYER FOR RELIEF

Responding to Plaintiff's Prayer for Relief, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff take nothing by its Complaint.

2.     That Plaintiff's Complaint be dismissed with prejudice.

3.     For judgment in favor of Defendant and against Plaintiff on each of the claims for relief alleged in Plaintiff's Complaint.

4.     That Defendant recover its reasonable attorney's fees and costs associated with defending Plaintiff's Complaint under federal and state law; and

5.    For such other, further and/or different relief as may be deemed just and proper.


Dated:  March 26, 2012              McDERMOTT WILL & EMERY LLP

                                    By: /s/ Monica S. Asher
                                         Monica S. Asher

                                    340 Madison Avenue
                                    New York, New York 10017
                                    Telephone:  (212) 547-5400
                                    Facsimile:  (212) 547-5444
                                    Email:  masher@mwe.com

                                    John J. Dabney (to file for admission *pro hac vice*)
                                    Rita Weeks (to file for admission *pro hac vice*)
                                    McDermott Will & Emery LLP
                                    600 13th Street, N.W.
                                    Washington, D.C. 20005-3096
                                    Telephone: (202) 756-8000
                                    Facsimile: (202) 756-8087
                                    Email: jdabney@mwe.com

                                    *Attorneys for Oregon Brewing Company*

DM_US 32838743-1.070166. 0010 -