UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
EXCELLED SHEEPSKIN & LEATHER COAT :
CORP., :
 :
                Plaintiff, :
 :   MEMORANDUM DECISION
     -against- :   AND ORDER
 :
OREGON BREWING COMPANY, :   12 Civ. 1416 (GBD) (RLE)
 :
                Defendant. :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Excelled Sheepskin & Leather Coat Corporation ("Excelled") brought this action against Defendant Oregon Brewing Company ("OBC") alleging violations of the Lanham Act, 15 U.S.C. § 1051, *et seq.* (Compl., (ECF No. 1).) On August 5, 2014, this Court granted summary judgment in favor of Excelled's trademark infringement, counterfeiting, false designation, and unfair competition claims. This Court also dismissed OBC's counterclaims for trademark infringement and breach of contract, and Excelled's unfair trade practices claim under the New York General Business Law. ("Summary Judgment Order," (ECF No. 109).) On August 20, 2014, this Court referred this case to Magistrate Judge Ronald Ellis for an inquest on damages and injunctive relief. (ECF No. 110.)

    On October 6, 2015, Excelled moved for attorneys' fees and the entry of an injunction. (ECF No. 128.) Excelled argued that it was entitled to mandatory attorneys' fees under 15 U.S.C. § 1117(b) or, alternatively, statutory damages and attorneys' fees under §§ 1117(a) and (c) because the case is "exceptional." (Memorandum of Law in Support ("Pl.'s Mem."), (ECF No. 129), at 2.) Excelled also argued that a jury trial was not necessary for this Court to award attorneys' fees. *Id.* OBC has conceded that a jury trial was not necessary if Excelled only received minimum statutory

damages under section 1117(c). (Memorandum of Law in Opposition ("Def.'s Opp."), (ECF No. 132), at 3.) However, OBC argued that Excelled is not entitled to attorneys' fees. (*Id.* at 2.)

Before this Court is Magistrate Judge Ellis' August 12, 2016 Report and Recommendation ("Report," (ECF No. 135)), recommending that this Court find that OBC's jury trial right is not implicated, enter judgment for Excelled in the amount of $1,000 plus reasonable attorneys' fees to be determined upon application, and enter a permanent injunction against OBC.[1] (Report, at 2.) This Court adopts those recommendations.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson*, 618 F. Supp. at 1189). If a party's objection reiterates a prior argument, or consists entirely of conclusory

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

2

or general arguments, the Court should review the Report for clear error. *See McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 18-19). OBC filed timely objections to the Report. (Objections to Report and Recommendation ("Def.'s Obj."), (ECF No. 136).) There is no clear error on the face of the record as to those portions of the report to which no objections were made. This Court has considered the issues raised in OBC's objections and reviews *de novo* the objected-to portions of the Report.

## II.  STATUTORY DAMAGES

The Report recommended that statutory damages be awarded to Excelled in the amount of $1,000. (Report, at 12.) OBC objects to this award by protesting simply that OBC did not engage in trademark counterfeiting and that this Court erred by holding otherwise in its August 5, 2014 and July 8, 2015 Orders.[2] (Def.'s Obj., at 9.) As a result, OBC argues that it cannot be liable for statutory damages.

Under the Lanham Act, "a plaintiff seeking damages for counterfeiting and infringement has the option of seeking either actual or statutory damages, but not both." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 105 (2d Cir. 2012). A plaintiff may seek statutory damages: (1) between $1,000 and $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed; or (2) if the court finds that the use of the counterfeit mark was willful, not more than

---

[2] OBC has already made this same argument in its Motion for Relief from this Court's grant of summary judgment to Plaintiff. (ECF No. 112.) This Court rejected that argument in its July 8, 2015 Order. (ECF No. 119.)

$2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed. 15 U.S.C. § 1117(c).

Absent any evidence of Defendant's profits, there is no basis to calculate actual damages. Alternatively, Excelled seeks minimum statutory damages under 15 U.S.C. § 1117(c), which is reserved for cases, such as this, involving the use of a counterfeit mark. (Pl.'s Mem., at 19-20.) Having previously granted Excelled's motion for summary judgment for trademark counterfeiting, among other claims, (ECF No. 119), this Court finds that statutory damages should be awarded to Excelled in the amount of $1,000.

### III.   ATTORNEYS' FEES

The Lanham Act authorizes the award of attorneys' fees to prevailing parties in "exceptional cases." 15 U.S.C. § 1117(a). When a plaintiff elects statutory damages under 15 U.S.C. § 1117(c), attorneys' fees are available "so long as the 'exceptional case' requirement of section 1117(a) is met." *Louis Vuitton*, 676 F.3d at 106-09.

A finding of willfulness, fraud, or bad faith is necessary, but not sufficient, for a case to be "exceptional" so as to warrant an award of attorneys' fees. *See Mister Softee of Brooklyn, Inc. v. Boula Vending Inc.*, 484 F. App'x 623, 624 (2d Cir. 2012) (internal citations omitted). "Usually, the type of conduct that has sufficed to make out an 'exceptional case' is intentional, deliberate, or willful infringement." *Guess?, Inc. v. Gold Ctr. Jewelry*, 997 F. Supp. 409, 412 (S.D.N.Y. 1998) (quotation omitted), *rev'd on other grounds*, 158 F.3d 631 (2d Cir. 1998). *See also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 753 (2d Cir. 1996) ("[A]n award of attorney fees may be justified when bad faith infringement has been shown."); *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995) ("The finding of willfulness determines the right to attorneys' fees. . . . 'Exceptional' circumstances include willful infringement.")

(internal quotation marks and citation omitted). Attorneys' fees may also be awarded against a party making a claim that "is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *Baker v. Health Management Systems, Inc.*, 264 F.3d 144, 149 (2d Cir. 2001) (internal citations omitted). "Courts have inferred bad faith where a plaintiff's claims are meritless." *Therapy Products, Inc. v. Bissoon*, No. 07-CV-8696, 2009 WL 2709279, at *2 (S.D.N.Y. Aug. 26, 2009) (internal citations omitted).

The Magistrate Judge properly found that OBC willfully infringed Excelled's mark, and therefore attorneys' fees are proper. (Report, at 16.) As stated in this Court's Summary Judgment Order, it is undisputed that Excelled "was the first to use and the first to register its Rogue marks for use throughout the United States in the *department and clothing store* markets." (Summary Judgment Order, at 10.) Further, that Order found "no evidence upon which a reasonable juror could conclude that OBC has priority of the Rogue mark for the sale of clothing in department and clothing stores." (*Id.* at 10-11.)

The record clearly shows that OBC knew of Excelled's superior trademark rights in the department and clothing store trade channels prior to 2011, but decided to enter those channels anyway. Indeed, OBC acknowledged the likelihood of confusion between its mark and Excelled's mark years before OBC entered those markets. In March 2006, the U.S. Patent and Trademark Office ("PTO") notified OBC that "potentially conflicting marks in a [sic] prior-filled pending applications may present a bar to registration." (*Id.* at 5.) In June 2007, the PTO specifically cited its concern that both OBC and Excelled would sell their goods "everywhere that is normal for such items, i.e., clothing and department stores." (*Id.* at 6.) In response, OBC executed a settlement agreement with Excelled and amended its trademark application twice to overcome the likelihood of confusion. (*Id.* at 5-6.) Ultimately, OBC narrowed its trademark application to certain types of

clothing outside of Excelled's clothing market "sold primarily in the trademark owner's brewpubs and web site, as compliments [sic] to and in promotion of the trademark owner's brewing and beverage businesses." (*Id.* at 6.)

Despite this history, in 2011, for the first time, OBC began selling its Rogue-branded clothing in department and clothing stores; in 2012, it began offering and selling its Rogue-clothing via its online store, eBay, and Amazon. (*Id.* at 4.) Moreover, in this litigation, OBC raised a counterclaim for trademark infringement—even though it knew Excelled was the first to use and register the mark for use in department and clothing stores. OBC also knew about the likelihood of confusion between the marks. (*Id.* at 5, 10.)

On this record, this Court finds that OBC knowingly entered into Excelled's trade channels in 2011 and thereby willfully infringed upon Excelled's trademarks. As such, Excelled is entitled to reasonable attorneys' fees in this case.

## IV.     INJUNCTION

In order to obtain a permanent injunction under the Lanham Act, a plaintiff must (1) succeed on the merits and (2) demonstrate irreparable harm if the relief is not granted. *Chanel, Inc. v. Gardner*, No. 07 CIV 6679, 2011 WL 204911, at *4 (S.D.N.Y. Jan. 21, 2011). "To prevail on the merits of a trademark infringement claim, a plaintiff must prove that (1) it has legally protectable trademarks, and (2) defendants' misuse of the trademarks creates a likelihood of confusion among customers." *Id.*

Per this Court's Summary Judgment Order, Excelled has succeeded on the merits of its trademark and counterfeiting claims. Further, Excelled has established irreparable harm because "counterfeit marks are inherently confusing." *Fendi Adele S.R.L. v. Burlington Coat Factory*

6

*Warehouse Corp.*, 689 F. Supp. 2d 585, 597 (S.D.N.Y. 2010), *amended on reconsideration* (Mar. 23, 2010) (internal citations omitted).

OBC objects that a permanent injunction corresponding to the injunction requested in Plaintiff's Complaint would be overbroad and vague and would also contravene this Court's limitation on the scope of relief in the Summary Judgment Order. (Def.'s Obj., at 4.) OBC further objects to "the entry of any injunction by this Court premised on 'department or clothing stores' without an evidentiary hearing and only after which reasonably certain meanings are ascribed to those terms." (*Id.* at 15-16.)

In the Summary Judgment Order, this Court held that any injunction "will be limited to OBC's clothing that is sold in department and clothing stores, and will not apply to OBC's clothing sold as complements to and in promotion of OBC's brewing and beverage business, sold primarily in OBC's brewpubs and on its website." (Summary Judgment Order, at 19 n. 20.) Indeed, the Report recognizes that the Summary Judgment Order "enjoined OBC from using the ROGUE mark, but limited the injunction to clothing sold in department and clothing stores." (*See* Report, at 16.)

Accordingly, this Court has determined to issue an injunction, which is based upon the injunction proposed in Plaintiff's Complaint, but excludes the language considered to be vague and unnecessarily broad. OBC's request for an evidentiary hearing is denied.

## V. CONCLUSION

Magistrate Judge Ellis' Report and Recommendation to award statutory damages, attorneys' fees, and injunctive relief is adopted. Plaintiff is awarded statutory damages in the amount of $1,000, plus reasonable attorneys' fees to be determined upon submission of contemporaneous time records or other relevant evidence.

Pursuant to 15 U.S.C. § 1116, and the law of the State of New York, Defendant OBC and each of its agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with it are preliminarily and permanently enjoined from:

> Using or authorizing others to use the name and mark ROGUE or any other name, mark or domain name containing these terms, or any confusingly similar names or marks, in the advertising or sale of any clothing in Department and Clothing Stores; or in any trade channels other than where OBC's ROGUE branded beer is sold as complements to and in promotion of Defendant's own brewing and beverage business.

The Clerk of Court is directed to close the motion at ECF No. 128.

Dated: New York, New York
      September 28, 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge
